UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                    :
PHILLIP ROBINSON,                   :      CASE NO. 1:17-CV-223
                                    :
         Plaintiff,                 :
                                    :
vs.                                 :      OPINION & ORDER
                                    :
MR. JAMES M. PECK, C.E.O.,          :
                                    :
         Defendant.                 :
                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This action was originally filed by *pro se* plaintiff Phillip Robinson in the Cleveland Municipal Court, Small Claims Division, against defendant James M. Peck ("Mr. Peck" or "defendant"), Chief Executive Officer of the consumer reporting agency Trans Union, LLC. (Trans Union). The complaint alleges claims "for negligence and willful failure to reinvestigate the disputed entries on [his] credit report" in "violation of the Fair Credit Reporting Act," "Defamation," and "Negligent Enablement of identity fraud." (*See* ECF No. 1-2 at 2.) The defendant removed the action to federal court on the basis of the federal claim, and has filed motion to dismiss all of the plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. No. 5.) The plaintiff has not opposed the motion.

The defendant's motion to dismiss is granted. A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief can be granted. To survive a dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in

favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The plaintiff's complaint is purely conclusory and does not contain factual allegations reasonably suggesting a plausible claim against, or any conduct by, the defendant. The complaint does not allege facts suggesting Mr. Peck had any personal involvement in handling disputes the plaintiff may have had with Trans Union regarding entries on his credit report, and "individual defendants cannot be held liable [under the FCRA] solely because they are the chief executive officers" of a consumer reporting agency. *Sloan v. Trans Union, LLC*, No. 10-10356, 2010 WL 1949621, at *2 (E.D. Mich. Apr. 22, 2010), report and recommendation adopted, No. 10-10356, 2010 WL 1949622 (E.D. Mich. May 13, 2010) (granting motion to dismiss FCRA claim against former Trans Union CEO). *See also McNack v. Smith, et al.*, No. 2:14-CV-04810, 2015 WL 7302218, at *5 (C.D. Cal. Nov. 16, 2015) (dismissing FCRA claims against chief executive officers). Likewise, the complaint does not allege any facts suggesting Mr. Peck made or participated in defamatory statements or engaged in any negligent conduct that enabled identify fraud. Given the absence of factual allegations in the complaint, the Court finds the defendant's motion well-taken.

**Conclusion**

Accordingly, the defendant's motion to dismiss the plaintiff's complaint is granted, and this action is dismissed.

IT IS SO ORDERED.


Dated: April 19, 2017                    *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE